IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| Matthew John Majernik | : | No. 22-11096-MDC |
| Debtor | : | |

ANSWER TO MOTION OF MARY MAJERNIK
FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362
AND CERTIFICATE OF SERVICE

1-9.    Admitted.

10.    Admitted as Debtor did not realize she was a creditor.

11-12.    Admitted.

13-14.    Denied.

15-17.    Admitted.

18.    Admitted in part, denied in part. Admitted that Debtor has been unable to make all complete payments. Denied that Debtor has not made payments.

19.    Denied. Debtor wanted access to see the amount of debt, not to increase at all the amount of debt.

20-22.    Admitted.

23.    Denied that same is a violation of the Order.

24.    Admitted.

25.    Denied that the Equitable Distribution was not stayed by the Bankruptcy.

26.    Denied as relevant to the Bankruptcy filing.

27.    Admitted as a result of the Bankruptcy filing.

28.    Admitted.

29.    Admitted in part, denied in part. Some of the actions which Movant seeks to take are part of Division of

|  |  |
|---|---|
| | Property / Property Settlement and as such were stayed by the Bankruptcy. |
| 30-35. | Admitted. |
| 36. | Admitted in part, denied in part. |
| 37. | Admitted in some cases but not in all cases for Equitable Distribution. |
| 38. | Denied. |
| 39. | Denied that any sanctions would have been appropriate as the Equitable Distribution was stayed by the filing of the Bankruptcy. |
| 40. | Admitted in part, denied in part.  Those parts of the action are not stayed, however the credit card debts and the debts to Mary's family is part of the debt that is stayed. |
| 41. | Admitted. |
| 42. | Admitted. |
| 43. | Admitted the extent that the Order related to Equitable Distribution the issues were properly stayed for the Bankruptcy Court. |
| 44. | It is not clear since the dollar amounts of the debts are an aspect of the Debtor's financial condition. |
| 45. | Denied.  If the stay relief is consented to except for the Equitable Distribution. |
| 46. | Denied in part.  The Debtor can consent to relief for all non-Bankruptcy aspects except for Equitable Distribution. |
| 47. | Denied as a result of the Bankruptcy filing. |

48. Denied that Movant is entitled to a contempt request since the Equitable Distribution is subject to Bankruptcy.

49. Denied. The Debtor seeks relief due from the debts he had due to the large amount of debt owed.

50. Denied.

51. Debtor is not challenging allowing a proceeding for Alimony and Child Support.

52. Admitted.

53. Denied as relevant since Debtor is not seeking to stop proceeding of non-dischargeable Alimony and Child Support, only the issues with the debts and with Mary's family debt.

54. Denied that the debt which is protected by the stay is non-material.

55. Denied.

56. Admitted both parties desire to Divorce. Denied that the harm to Debtor is negligible regarding the debts owed in this case.

57. Denied, the debts which Mary is raising will have a material impact on this case.

58. Denied that this is the issue. The amount of the debts that Mary is raising will have a substantial impact on this case.

59. The amount of the Debtor's available income is impacted by the final numbers which may impact available income for purposes of this case.

60. Denied.

61. The Debts are pre petition in this case.

62. Denied as relevant for purposes of this motion.

63-64. Admitted.

65. This has been allowed in some cases, but not in all cases for Equitable Distribution.

66. Debtor has debts to Mary's family, the payments of which are disputed.

67. The treatment of the debt impacts the plan and the payments in this case.

68. No response required.

69. This Court can determine the debt involving Mary and her parents.

70. Admitted.

71. Denied. Payments in lieu of distribution can impact the Debtor's estate.

72. Admitted and these Creditors' claims are tied in to the Bankruptcy.

73. Denied. The Debtor's payments can be impacted based on treatment of the aforementioned claim.

74. Admitted in part, denied in part. This Court is positioned to deal with the debt involving Mary and her parents.

75. Denied.

76. Debtor opposes the same for the aforementioned reasons.

WHEREFORE Debtor respectfully requests this Honorable Court deny Movant's Motion for Relief.

/s/ David M. Offen
David M. Offen
Attorney for Debtor

Dated: 07/21/2022

A copy of this Answer is being served on Turner N. Falk, Esquire, and the Chapter 13 Trustee.