```
          IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

   IN RE:                  :     CHAPTER 13
                           :
   MATTHEW JOHN MAJERNIK   :     No. 22-11096-MDC
         Debtor
```

ANSWER TO MOTION OF MARY MAJERNIK AND JANET AND
<u>THOMAS SWAYNE TO DISMISS OR CONVERT</u>

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted

6. Admitted.

7. Admitted.

8. Admitted. The Petition is being Amended this week to Reflect the same and the divorce action

9. Admitted.

10. Admitted.

11. Admitted that the Debtor filed for Divorce.

12. Admitted.

13. Denied. In this case, Debtor consented to the relief which Plaintiff and her ounsel had requested so everything could be determined in one forum in the State Court at one time.

14. Admitted in part. Denied in part. Movant did not supply the information he requested regarding the Credit card accounts and as result Debtor had been making payments and was advised no to make any further

payments.

15. Denied.  Debtor made some payments and his attorney Advised to stop making payments when Movant failed to supply the information.

16. Denied.  Debtor never wanted to incur additional debt.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied.  Debtor alleges that he made payments and the allegation is incorrect.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.  Debtor filed for Bankruptcy protection.

25. Admitted. See answer to 8 above.  The Petition is being Amended this week to reflect the same and the divorce action.

26. Admitted.

27. Denied. that these items are overlapping.  To the extent that these debts are not resolved, the Debtor consented to relief from the automatic stay so the parties obligations could be resolved as listed in the Movant's Motion for Relief.

28. Admitted.

29. Admitted.

30. Debtor would be happy if the same is true.

31. Admitted.

32. Denied. Debtor did not claim that he intentionally Omitted the same.
33. Admitted.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.
38. Admitted.
39. Admitted.
40. Denied. Movant has obtained relief so that the exact Movant is entitled to can be obtained. Debtor is not intending to shortchange the Movant but also does not wish to be shortchanged. Debtor did not oppose relief since Movant alleged that the State Court is the best Forum for determining the rights and obligations between the parties and the debtor agreed.
41. Denied.
42. Admitted.
43. Admitted.
44. Admitted. Debtor willing to Amend the plan with a a provision permitting the state court to determine the rights between the parties. In addition, Debtor has been paying the mortgage on the property every month. The Movant has not made a single payment on the jointly owned property.

45. Denied as relevant.  See above.

46. Denied for lack of proof.

47. Denied.

48. Denied.

49. Denied.  Movant has no issue with the property being Sold and all issues including custody being resolved in the state court.after the protection from abuse Order expired knowing that Plaintiff had to be Out of the Country in Europe.

50. Admitted that a case may be dismissed for just causee. Denied that any cause exists here.

51. Denied there is any bad faith. The only bad faith is when debtor complained that her child was kidnapped that Movant filed for protection from abuse after leaving the house 21/2 months earlier knowing that Plaintiff had to be  Out of the Country in France Due to work.

52. Denied that the same applies.  In addition Debtor consented to relief so Movant could resolve Everything in the State Court.

53. Admitted and debtor does not oppose the sale of the same.

54. The debtor filed the Petition due to having problems from the various credit bills.

55. Denied.  See answer to averment 51 for the only bad faith in this case.

56. Denied.

57. Denied. Debtor consented to the relief so that the State Court could resolve all of the objections.

58. Denied. Looking at Debtor's whole answer shows there was intent not to be forthcoming.

59. Admitted that it was omitted. Denied there was anuy intent to deceive.

60. Denied that debtor intended to answer incorrectly or to mislead.

61. Debtor will be amending his schedules on 9/28 as Counsel is out on 9/26 and 9/27 due to religeous observance of Rosh Hashanah. Debtor had wanted to see the matters resolved with his wife, and then wanted to Amend the same. Debtor has wanted to see this matter resolved. Movant has used the custody issue. There are also issues of the wife's illness which were not properly pointed out in the State Court.

62. Denied. The Debtor has not intentionally misrepresented anything, and is not opposed to a sale of the property while using the bankruptcy to protect his interests. There is an issue of the wife and parents claim being intermingled as Debtor believes the parents are funding the divorce.

63. - 67. Denied. Debtor's goal was to see the matter resolved. He permitted relief to be granted so that the State Court can determine the rights of the parties

68. Admitted based on the answer to 63-67 and Movant had desired to Amend the Plan and schedules. The debtor will amend the schedules and his plan allowing for the sale of the joint property.
69. The debtor believed that issues regarding the plan could be worked out in the case.
70. Denied.  The debtor consented to relief so the Property issues and custody and all other issues could be resolved.
71. Denied.
72. Denied.
73. Admitted.
74. Denied in part.  Admitted in part.  Admitted that there are these debts owing.  The denial is as to the exact amount of the same as some the amounts alleged are based on speculation.
75. Denied.  Movant needs to work out the sale of the Property, adjusting for the amounts paid by the Debtor and adjusting for the amount owed to Movant and her parents.  The less the expenses, the larger the amount that will be received at the sale of the property.
76. Admitted.
77. Denied as correct.  Debtor and Movant can see what will be received for the property.
78. Denied.  Debtor wishes for the property to be sold and is agreeable to having the property sold, protected

by the Chapter 13 Bankruptcy.

79. Denied. Debtor consented to relief, so Movant could proceed. Since Movant has not given a viable offer Debtor agrees that the property can be sold, with determinations of the rights between the parties on all issues determined by the State Court as requested by the Movant and consented to by the debtor.

80. Denied.

81. There is no proper cause here.

82. Movant has collected child support and alimony currently. The debtor does not owe prior amounts or if anything was owed, it is a de minimus amount.

83. The debtor filed Chapter 13 due to the credit card Debt.

84. Denied that there would be no payment in a Chapter 13 or Chapter 7 Plan.

85. Denied.

86. Denied. Movant wishes for the property to be sold and consented to relief for the state court to Determine all arrangements between the parties. Debtor has no opposition to the property being listed for sale now.

87. Admitted.

88. Denied. It will harm debtor.

89. Denied. It will harm debtor.

90. Conversion will harm the debtor and in addition is not in line with movant's request that the

State Court determine all rights between the parties. Debtor does not oppose a sale of the property provided that the same is conducted while under the Chapter 13 protection.

WHEREFORE Debt respectfully requests this Honorable Court deny Movant's Motion for Relief or Conversion.

/s/ David M. Offen
David M. Offen
Attorney for Debtor
Suite 160 West, Curtis Center
601 Walnut Street
Philadelphia, Pa. 19106
215-625-9600

Dated: 09/25/2022

A copy of this Answer is being served on Turner N. Falk, Esquire, and the Chapter 13 Trustee.

/s/ David M. Offen
David M. Offen
Attorney for Debtor