```
            IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

   IN RE:                   :     CHAPTER 13
                            :
   MATTHEW JOHN MAJERNIK    :     No. 22-11096-MDC
        Debtor
```

RESPONSE TO JOINT OBJECTIONS OF MARY MAJERNIK AND JANET SWAYNE TO DEBTOR'S CLAIMED OBJECTIONS AND TO CONFIRMATION OF DEBTOR'S PLAN

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted the debt exists. Debtor is unsure of the exact amount still owing.

10. Admitted.

11. Denied that the same is relevant or that the debtor bears responsibility for any of the same.

12. Admitted.

13. Admitted.

14. Admitted that the debtor left her out and will Amend his schedules to reflect the same. The debtor has not intentionally made any errors in this case.

15 - 18. Admitted.

19. Debtor believes the property is worth what was listed. If Debtor can receive additional funds for the property, he would

have no objection to the same.  In addition, per Movant's request for relief from the Automatic Stay which the Movant had requested, Debtor has no objection the State Court determining the same.

20-22. Admitted.

23. Denied that the debtor said he intentionally tried to leave any creditors out.

24. Admitted.

25. Admitted that debtor said he believed he had cryptocurrency which he has valued at $1,200.

26. Admitted that the debtor did respond that he believed it was not included in the questions and therefore did answer affirmatively to the same.

27 - 29. Admitted.  The debtor had intended to Amend the schedules and the plan at the same time.

28 - 41. Admitted.

42. Denied.  The value was based on the values seen at the time of filing.  If the property is worth more, the state courts can determine the appropriate share of the husband's and wife's share of the real estate.

43- 47. Admitted.

48 - 60. Denied that there was any bad faith on the part of the debtor.

61 - 76. The debtor consented to the Motion for Relief based on Movant's allegation that the State Court can best determine the rights of the parties.  Debtor agrees and any claims held by Mary and her parents are outside any claim of exemption and will be paid outside the plan based on the determination by the State Court.

77 - 87 . Denied that the plan which is Amended by the Debtors does not pass the best interest of creditors test. Mary's claim and the Swayne's claim is being paid outside the plan based on the State Court's determination.

88 - 97. Denied.  The Movant asked for relief.  The Debtor did not want to Amend until all claims were in.  Since the Movant moved for relief and the Debtor agreed that the Movant should it's claim determined in the State Court, and Debtor has agreed to have the asset division determined in the State Court, the Amended Plan which the Debtor has now filed is feasible.  The Debtor's spouse Mary's claim and the Swayne's claim which are not protected by the Debtor's exemption are to be paid in full outside the plan as determined by the State Court.

nder the Chapter 13

WHEREFORE Debtor respectfully requests this Honorable Court deny Movant's Motion for Relief or Conversion.

/s/ David M. Offen
David M. Offen
Attorney for Debtor
Suite 160 West, Curtis Center
601 Walnut Street
Philadelphia, Pa. 19106
215-625-9600

Dated: 10/04/2022

A copy of this Answer is being served on Turner N. Falk, Esquire, and the Chapter 13 Trustee.

/s/ David M. Offen
David M. Offen
Attorney for Debtor