```
          IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

      IN RE:                  :      CHAPTER 13
                              :
      MATTHEW JOHN MAJERNIK   :      No. 22-11096-MDC
          Debtor
```

ANSWER AND OPPOSITION TO MOTION IN LIMINE OF MARY MAJERNIK AND TOM AND JANET SWAYNE AND FOR EXPEDITED CONSIDERATION, SHORTENED TIME AND LIMITED NOTICE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted in part.  Denied in part. Admitted that Movant filed the Motion.  Denied that

Debtor cannot propose a confirmable plan.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted in part. Denied in part. Movant's counsel had already conferred with Debtor's counsel about the date for the sale of the property. Indeed Movant's counsel spoke with Debtor's counsel a number of times about isuses including one time when Trustee's counsel was on the phone with Debtor's counsel. Attorney Falk asked Debtor's counsel if Debtor would be agreeable to using the same real estate agent who sold them the home. Debtor's counsel advised that he would need debtor to agree but the same made sense unless a cheaper agent could be obtained through Redfin. After speaking with the debtor, Debtor's counsel advised Mr. Falk that the same agent could be used and debtor was agreeable to the same. Mr. Falk then mentioned the other issues Amending the plan to include providing for a joint debt and providing for a debt for which the debt was an authorized user but which the debtorr had used himself. Debtor's counsel agreed that these debts should be paid out of the sale proceeds for the property to be sold and that the debt for Swayne's also needed to be provided for. After discussing about splitting of the real estate proceeds, the Debtor indicated he would agree to a 50/50 split. Movant's counsel asked about the Debtor's retirement plan. I said to Mr. Falk that I need to speak to the Debtor on the same since he was still very upset that Movant filed a protection order when they knew he had just left the country due to work and was in France. The Debtor agreed to split the retirement plan. Mr. Falk came back with an issue of the debtor owing a joint debt to Greensky and also a debt to Discover. The debtor agreed to sell the property by February 28, 2023. Those debts needed to be paid in full as well as the debt owed the Swayne's since these debts are not exempt and different ways were discussed to handle the debts in an Amended plan that could be filed. The final call received from Mr. Falk was while Debtor's Counsel was on the phone with Chapter 13 Trustee's counsel, LeeAne Huggins and that the plan would have to be Amended to treat the same class of creditors the same. I spoke to Mr. Falk asking if the matter was resolved

and he said there are a couple of things out there. That was the last I heard from Attorney Falk.

17. Mr. Doman would testify that the Majerniks and and the Swayne's gave him a hard time. The tesimony would indicate that the delays are not the fault of the Debtor alone but of the other side as well.  Doman and/or  Majernik  will testify that Mary Majernik did not let the debtor get the property refinanced and as a result of her delay and refusal to assist, caused the debtor to lose the ability to get refinanced at a low rate.  He is no longer able to refinance at the current rates and therefore will no longer be able to retain the property

18. Attorney Falk said he would pretty much object to any questions relating to the debtor and his wife prior to the bankruptcy, yet ignored the fact that his own allegations relating to the debtor that he is looking  to stay in the property all relate to prior to the filing, and the Debtor losing his ability to refinance because of a lack of cooperation.  He was explained that the same would be relevant

19. Denied.  Mr Falk kept saying he will object to anything from before the Bankruptcy.  He did not look to see his Motions raised those issues as well. Only the issue about the protection from abuse which the debtor had requested be brought up was not relevant in and of itself but showed the pattern of conduct by the Debtor's wife and her parents.

20. Admitted in part.  Denied in part.  I did tell Mr. Falk that the Debtor wants his day in Court and that the questions would be relevant.  The debtor did ask counsel to bring up what he felt was the sneakiness of his wife and in-laws by waiting for him to leave the country, as well as other issues.  Attorney Doman and the debtor felt the conduct of the debtors wife and in-laws was something that stood out and the spouse prevented the debtor from refinancing and being able to keep the property.  He is no longer able to keep the property at the higher rates and must now sell the same.  Anything not relevant would not be brought up.

21. Denied that the same was said to be irrelevant. Mr. Falk was informed that the testimony could go on for a length of time. This would be to contest allegations in the Debtor's Motion that are relevant. Not to bring up issues which have no bearing on this Court's ruling on the case.

22. Denied that the issues are burdensome and irrelevant.

23. Denied. Movant's own Motion filed by Attorney Falk includes events prior to the filing which it deems relevant and Debtor should not be denied from presenting relevant information. The debtor did not agree to specific dollar amount but agreed to split the real estate proceeds 50/50 after payment of the joint debts and the authorized user debts coming off the top. Debtor's counsel received a call from the Chapter 13 Trustee regarding the case and while he was on the phone, received a call from Attorney Falk. Debtor's counsel informed the trustee that debtor owed to the Swayne's being paid in the plan is not sufficient since the joint debt to Discover and Grrensky were joint debts or with the debtor as the authorized user. Since this class of creditors needed to be treated the same, the plan would be Amended for the same. The trustee asked if it the matter was settled. Mr. Falk said there are still a couple of things, and he was advised to let me know of the same

Please refer to the following. Movant presents the Court with information regarding the events prior to the filing of this case, but does not wish for the debtor to do the same. Please refer to the following

**In Docket Entry #28 filed September 8, 2022, Motion of Mary Majernik and Tom and Janet Swayne to Dismiss or Convert, Movant makes the following allegations;**

**13. The Debtor has intentionally prolonged the Divorce Action by contesting**

formerly-agreed relief, refusing to abide by court orders, refusing to comply with discovery deadlines, and even objecting to simple requests from Mary (i.e. the payment of a charge of $7.50 per appointment necessary for his child to receive medical services).

14. During the pendency of the Divorce Action, and prior to the filing of this bankruptcy, the Debtor was obligated, first by an agreement between the parties and then by court Order, to make his share of the monthly payments on certain credit card debts to prevent dissipation of martial assets.

15. The Debtor either did not make those payments timely or did not make those payments at all, which led to the parties' bank account being overdrawn on numerous occasions.

16. The Debtor, through his then counsel, alleged to Mary's counsel that he would only make the required deposits if he also had access to the credit card accounts and the ability toincur more debt for which Mary might become purportedly liable.

17. On January 1, 2022, Mary filed a Petition for Special Relief regarding the Debtor's failure to make payments towards the credit card debts.

18. On March 21, 2022, the state court entered an Agreed Order resolving this Petition for Special Relief.

19. Pursuant to the March 21, 2022 Agreed Order, both parties, "shall deposit an amount equal to half of the total monthly payment due on the Discover Card ending in 4182 and the Citi Card ending in 0579 (currently Two Hundred and Fifty-Nine Dollars ($259)) into theparties' joint PNC checking account (ending in 2146) no later than the 13th of each calendar month until further Order of Court or the written agreement of the parties."

**20. Following the entry of the Agreed Order, the Debtor never made a single deposit, in violation of the Agreed Order.**

**21. The Agreed Order also specifically enjoined the Debtor and Mary from utilizing these credit cards or raising the associated credit limits.**

**22. On April 18, 2022, the court in the Divorce Action ordered the Debtor to provide full and complete responses to overdue discovery requests necessary to liquidate the alimony andequitable distribution claims.**

**23. The Debtor was required to provide these documents within 20 days of April 18, 2022 or be subject to sanctions.**

**24. The Debtor did not provide all of the requested documents**

as well as the following two paragraphs in the Motion

**56. The Debtor's postpetition "settlement" offers show that the Debtor's main purpose in filing this bankruptcy was to remain in his current home while delaying payment to the Movants and other creditors as long as possible.**

**71. The Debtor's stated goal is to retain possession of the Property as long as possible, for the purpose of depriving Movants of the non-exempt value in the Property.**

24. Denied. Just as Movant's allegations in their Motion discuss pre-petition events , so must debtor's prior counsel be permitted to answer allegations in the Motion. Specifically Debtor could show that if his wife would have allowed him to refinance he could have saved the property and this contradicts that his goal is to stay in the property as long as possible without paying for the same.  In addition, the debtor is paying the full mortgage every month on his own..

25. Admitted in part. Denied in part.  The Court can exclude irrelevant testimony, but not

exclude relevant testimony which has a direct bearing on the rulings in this case.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.  The Court in this case also needs to look at the other Motion and Objections filed by Movant and if there is any reference to anything pre-petition in the divorce action.  Otherwise, the Court is being denied the opportunity to hear the revelant facts before making its findings.

31. Admitted.

32. Denied as a conclusion.  In fact, Movant does not mention  the fact the debtor had agreed to Movant's request for selling the property, had agreed to a date certain, had agreed to the real estate agent to be used, had agreed to paying off the debt, agreed to payoff joint debt and debt which was caused by the Debtor, agreed to split the proceeds after payment of these debts, and in followup agreed to split the retirement plan and then ignores everything that debtor had agreed to.  Rather Movant selects one comment made by the Debtor's counsel, that the debtor is still upset over the filing of PFA when Movant knew he had left the Country, and leaves out everything else that was discussed over a number of phone calls including the changes to a new amended plan that would make appropriate changes to the plan t to treat the joint and co-signed / additional user debts the same, if the matter was to be settled.  Debtor is able to propose a confirmable plan and is ready to file the plan that had been discussed by Attorney Falk with the additional changes made in the phone calls. Please note that this change applies if the matter is settled.  If it is not settled which may be implied from the email sent earlier today directly to the debtor by Tara Burns, Counsel for  Mary Majernik and Tom and Janet Swayne's counsel, then

the Bankruptcy Court or the State Court will have figure out the appropriate share for the Debtor and for the spouse Mary Majernik.  The information discussed in the settlement negotations between Debtor's Counsel and Mr. Falk was used by the Majernik's and the Swayne's to try to substantially increase and extract a larger amount  from the Debtor.   While Debtor's Bankruptcy counsel is not family law counsel, a copy of the email sent to the debtor today should have also been sent to Debtor's bankruptcy counsel, since these numbers work off the negotiations between Debtor's Bankruptcy Counsel and Attorney Falk.   Additionally, since Tara Burns is listed in Movant's Pre-trial exhibit as a potential witness, that is an additional reason that a copy of this email should have been sent to Debtor's Counsel.



---------- Forwarded message ---------
From: Burns, Tara <tara.burns@obermayer.com>
Date: Sun, Nov 6, 2022, 11:36 AM
Subject: Majernik
To: Matthew Majernik <mmajer1221@gmail.com>
Cc: Bertin, Michael <Michael.Bertin@obermayer.com>


**Hello Mr. Majernik,**

**Below please find the current settlement position that Mary is taking with respect to the Equitable Distribution matter and related child support matters:**

**- The Marital Residence (including the lot next door) will be listed for sale with the pre-agreed realtor (who the parties worked with to buy the Residence) forthwith (prior to any agreement regarding Matt's Chapter 13 and no later than one week after the execution of a Property Settlement Agreement). The parties shall cooperate with the realtor on listing price, possible price reductions, etc. and shall accept any reasonable offer on the home.**

**- Mary will have access to the house (with a guarantee that Matt will not be present/will be**

at work) on 4 occasions to gather her remaining personal items from the home. The first visit will be in the first week after the Agreement is signed, the second visit in the second week after the Agreement is signed, the third visit in the third week, etc.

- Upon the sale of the house, the mortgage, closing costs, etc. will be satisfied from the gross proceeds. The full debt owed to Mary's parents, the current amount owed to Discover, and the current amount owed to Greensky will then be satisfied. The remaining funds will then be divided between Mary and Matt, with Mary retaining 58% of the funds and Matt retaining 42% of the funds.

- At settlement, Matt will provide Mary with an additional sum of money to compensate Mary for the fees and missed payments addressed by the March 21, 2022 Order ($722 as of the filing of the bankruptcy, plus half of any of Matt's missed payments for Discovery and Greensky thereafter up to the date of the settlement on the home and his missed contributions to therapy). This money would be transferred to Mary from Matt's share of the proceeds.

- Matt will transfer 57% of his retirement account to Mary via QDRO.

- Matt will agree to include the following support term in the Property Settlement Agreement- Matt will provide $1,225 per month in Child Support ($843 base (calculation attached to this email) and $342 in extracurricular and therapeutic expenses). The $342 is Matt's current 85% obligation per month for Esme's current monthly therapy and extracurricular costs. Any and all future increases in extracurricular expenses and therapy and any and all unreimbursed medical expenses for Esme shall be divided with Matt paying 85% and Mary paying 15%.

As you are currently not represented by an attorney in your family law matters, I am sending this communication directly to you. Please be advised that we solely represent Mary in this matter and cannot provide you with any legal advice. Therefore if you have any questions about the offer, please seek out an attorney of your choosing. The above offer is being made without prejudice to any position that Mary may take in the event that this matter does not settle. We are, however, that this offer will bring the Equitable Distribution and Support issues to an amicable resolution. As stated previously, my office will be happy to draft the Property Settlement Agreement.

Best,

**Tara**

**cid:image012.jpg@01D48C8B.01E318B0**
**cid:image002.jpg@01D48C0E.58AFE420**  **cid:image003.jpg@01D48C0E.58AFE420**
**cid:image004.jpg@01D48C0E.58AFE420**

**Tara K. Burns**

**Associate**

Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West

1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665.3056 tel | 215.665.3165 fax
tara.burns@obermayer.com | www.obermayer.com

The Debtor rejects the email offer he received today on November 6 now for 58% and 57% as well as the other items raised as this was not in line with that he had agreed to as part of settling the matter in the Bankruptcy Court and would rather the Court's rule on the division and his share, as Attorney Falk had originally requested in

**Docket Entry #19, Averments 30 and 31 of his July 7, 2022 Motion for Relief saying that**

**30. The state court will not enter a final order for divorce unless it is also able to adjudicate any potential equitable distribution and claim for alimony at the same time.**

**31. Mary desires to complete the Divorce Action and become legally divorced as quickly as reasonably possible.**

The Debtor has no issue if either the Bankruptcy Court or the State Court make the determination. The Debtor is fully prepared to follow through with an Amended Plan as discussed with Attorney Falk and to pay off the claims owed to Tom and Janet Swayne, Greensky, Discover, Mary Majernik from the sale of the Debtor's real estate and to split the

proceeds and retirement plan and handle other issues.

33. Denied. Movant should note that it discussed these events in this motion.

34. Movant is well aware that Debtor has not intentionally omitted anything or tried to mislead the Court in any manner.

35. Denied.

36. The debtor proposed to cover all his debts. He is not contesting that he owes monies to the spouse and her parents. The Debtor is contesting Movant's allegations.

37. Denied that Debtor willfully misrepresented anything.

38. Denied. The Debtor and Movant's counsel had discussed the terms of the plan and Amending the plan. The remaining issue required that the other debts of the same class to also be paid in full to prevent different treatment of a class of creditors was also discussed.

39. Admitted. The debtor must pay these claims in full and has agreed to do the same in the context of the Bankruptcy.

40. Admitted. Movant's counsel Turner Falk discussed several approaches regarding paying his clients claims and Debtors counsel discussed how th same could be handled without mistreating any other creditors at the same time.

41. Denied. This is non-sensical. Indeed Movant ignores the fact that the property consisting of the debtor's residence is being sold as part of the plan.

42. Denied. Again, movant ignores the proposed sale of the property.

43. The debtor is not challenging this issue.

44. Denied. Movant intends to contest allegatons in Movant's own Motion to Dismiss or Convert which have a bearing on this case.

45. Denied that the same is irrelevant.

46. Debtor is not presently discussing this issue at all.

47. Denied.  Mary Majernik and Swaynes have not agreed that they did not help the debtor to get a mortgage so he could retain the property.  The goal has been that he should move away so as to minimize the visits with his daughter.

48-49. Denied.  Debtor's counsel only wants to present the relevant facts for the Court to make an informed decision.  It is true that the Debtor wishes for other items to be brought up which are not relevant and the same is not being done. Movant has selectively chosen what it wishes to bring up.

50. Denied. Movant brought up the issue of debtor trying to stay in the property. Debtor can show that Movant failed to take actions which would have allowed the debtor to refinance. The debtor did agree that if the matter is resolved as discussed above, the property would be sold and Debtor would have to vacate by February 28, 2023.

50. Denied.

51. Admitted.

52. Admitted.

53. Admitted that Mr. Vagnoni's office did contact my office.

54. Admitted that the same is requested, but denied that it is appropriate as the information is relevant.

55. No response required.

56. Admitted.

57. Admitted.

Wherefore, Debtor by his Attorney respectfully requests this Honorable Court deny Movant's

Motion in Limine and permit all relevant testimony by Attorney Doman relating to issues concerning the Chapter 13 filing of the Debtor.

        David M. Offen
        /s/ David M. Offen
        Attorney for Debtor Matthew Majernik
        Suite 160 West, The Curtis Center
        601 Walnut Street
        Philadelphia, Pa. 19106
        215-625-9600