IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : <br> : <br> : **CHAPTER 13** <br> : <br> **MATTHEW JOHN MAJERNIK**        : <br> : **Bankruptcy No.: 22-11096 (MDC)** <br>      **Debtor.**          : <br> : |

## STIPULATION AND AGREED ORDER RESOLVING MOTION TO DISMISS AND GRANTING RELATED RELIEF

This Stipulation and Agreed Order (the "Stipulated Order") entered into this ____ day of December, 2022 is made between Mary Majernik ("Mary") and Thomas and Janet Swayne ("Tom" and "Janet", or collectively with Mary the "Swaynes") on the one hand and Matthew John Majernik (the "Debtor") on the other.   In relation thereto, the Swaynes and the Debtor (collectively referred to as the "Parties") stipulate and request the entry of this Stipulated Order as an Order of this Court and represent as follows:

WHEREAS, the Debtor and Mary married on September 28, 2013 and separated on or about April 17, 2021; and

WHEREAS, the Debtor filed a Complaint in Divorce on May 12, 2021 in the Court of Common Pleas for Bucks County, Pennsylvania, commencing Case No. A06-21-60804-D-E (the "Divorce Action"); and

WHEREAS, on or about April 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") commencing the instant case; and

4879-9343-7251 v2

WHEREAS, on the Petition Date, the Debtor filed a Chapter 13 Plan of Reorganization (as amended, the "Plan") (DI #2); and

WHEREAS, on July 1, 2022, the Swaynes filed a Joint Objection to Confirmation of the Plan and to the Debtor's Exemptions (the "Exemption Objection") (DI #18); and

WHEREAS, on July 7, 2022 the Swaynes filed a Motion for Relief From the Automatic Stay for the purpose of continuing with the Divorce Action (the "Motion to Dismiss") (DI #19); and

WHEREAS, on July 21, 2022, the Debtor filed a Response to the Motion for Relief (DI #22); and

WHEREAS, on August 3, 2022, the Bankruptcy Court entered an Order granting the Motion for Relief (DI #25); and

WHEREAS, on September 9, 2022, the Swaynes filed a motion to dismiss or convert the Debtor's bankruptcy case (the "Motion to Dismiss") (DI #28); and

WHEREAS, on September 25, 2022, the Debtor filed a response to the Motion to Dismiss (DI #36); and

WHEREAS, on October 4, 2022, the Debtor filed a first Amended Plan (DI #41); and

WHEREAS, on October 4, 2022, the Debtor filed a Reply to the Exemption Objection (DI #42); and

WHEREAS, on November 1, 2022, the Swaynes filed an Objection to Confirmation of the Plan (the "Confirmation Objection") (DI #50); and

WHEREAS, on November 2, 2022, the Bankruptcy Court entered an Order Sustaining the Exemption Objection (DI #53); and

2

WHEREAS, by agreement between the Swaynes' counsel and Debtor's counsel, this Court scheduled the Motion to Dismiss for an evidentiary hearing on November 8, 2022; and

WHEREAS, on November 4., 2022, the Swaynes filed an Expedited Motion in Limine to preclude the Debtor from introducing allegedly irrelevant evidence from the hearing on the Motion to Dismiss ("Motion in Limine") (DI #56); and

WHEREAS, in an attempt to avoid costly and time consuming litigation, the Parties have analyzed each other's legal positions, and in an exercise of their business judgment, the Parties have reached a settlement and compromise of all claims associated with the Motion to Dismiss, the Confirmation Objection, and the Motion in Limine (the "Settlement").

**NOW THEREFORE, IN CONSIDERATION OF THE FOREGOING, AND THE MUTUAL PROMISES, AGREEMENTS AND RELEASES CONTAINED HEREINAFTER, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES, AND EACH OF THEM, INTENDING TO BE LEGALLY BOUND, AGREE AS FOLLOWS:**

1.    Settlement Effective Date.  The "Settlement Effective Date" is November 8, 2022, the date upon which the terms of this Stipulated Order were read into the record int the Bankruptcy Court.

2.    Terms of the Settlement Agreement.  In exchange for and subject to the consideration set forth below, the Swaynes agree to withdraw the Motion to Dismiss, the Confirmation Objection and the Motion in Limine:

      a.   The property owned by the entireties by the Debtor and Mary, Located at

4879-9343-7251 v2

825 Wyoming Avenue, Croydon, Pennsylvania, including the adjacent lot (the

"Marital Residence") will be listed for sale with Joseph F. Gioia of Remax Realty

within one week of the Settlement Effective Date. The parties will cooperate with the

recommendation of the realtor regarding the list price, reductions to the list price, any

necessary repairs to the Marital Residence, and acceptance of an offer on the Marital

Residence. Husband shall assist Joseph F. Gioia in achieving an efficient and

profitable sale including, but not limited to, being available to show the Marital

Residence to potential buyers and maintaining the cleanliness of the Marital

Residence while it is being shown. The parties shall respond to any communications

from Joseph F. Gioia within two (2) business days of their receipt of the same and the

parties shall execute and return any documents necessary for the sale of the Marital

Residence within two (2) business days of their receipt of the same.

b.  Pending settlement/closing on the Marital Residence, the Debtor may

reside at the Marital Residence and shall carry all costs of the Marital Residence and

costs associated with the Marital Residence. The Debtor is permitted to reside at the

Marital Residence until February 28, 2023.

c.  Mary will have access to the Marital Residence (with a guarantee that the

Debtor will not be present at any point during Mary's access) on four (4) occasions to

gather her remaining personal items from the Marital Residence. In the event that the

parties do not set out four (4) specific dates in the Property Settlement Agreement

executed as part of their divorce action, the visits shall be as follows: the first visit

will be in the first week after the parties' Property Settlement Agreement is signed,

4879-9343-7251 v2

4

the second visit in the second week after the parties' Property Settlement Agreement is signed, the third visit in the third week, etc. Mary shall have local police officers or other security (which can include Janet Swayne, any realtor listing or showing the Marital Residence, or an agreed upon third party) accompany her on the visits.

     d.  Upon the sale of the Marital Residence, the mortgage, and all customary closing costs will be satisfied from the gross sale proceeds. In addition, the full debt owed to Mary's parents in the amount of $28,400, the total amount owed to Discover (account number ending 4182) as of the date of the closing, and the total amount owed to Green Sky (account number ending 8088) as of the date of the closing will then be satisfied. The remaining funds will then be divided between Mary and the Debtor, with Mary retaining 50% of the remaining funds ("Mary's Potion") and the Debtor retaining 50% of the remaining funds (the "Debtor's Portion"). Ten Thousand Dollars ($10,000) from the Debtor's Portion will then be held by the title company until all of the Debtor's obligations under this Settlement, this Stipulated Order and the Property Settlement Agreement have been satisfied in full (the "Escrow").  In the event that the Debtor is in breach of this Settlement, this Stipulated Order or the Property Settlement Agreement, the Escrow shall be utilized to compensate Mary for her attorney's fees for enforcing compliance with this Settlement, this Stipulated Order or the Property Settlement Agreement prior to or after the sale of the Marital Residence and for all material damages. Once all of the Debtor's obligations under the Settlement, the Stipulated Order or the Property Settlement Agreement have been satisfied, the Escrow shall be released to the Debtor.

4879-9343-7251 v2

e.  At settlement, the Debtor will provide Mary with an additional sum of money from the Debtor's Portion to compensate Mary for the funds owed to Wife under the Order of Court dated March 21, 2022 (Seven Hundred and Twenty-Two Dollars ($722.00)), the Discover card payments which Wife has made on Husband's behalf between March 21, 2022 and the date of the closing, any Greensky payments which Wife has made on Husband's behalf between March 21, 2022 and the date of the closing, and any and all delinquent payments owed to Wife for the Child's therapy pursuant to a prior agreement between counsel. Wife shall provide Husband with the total funds owed to Wife as of the date of the closing one week prior to the closing date via an Our Family Wizard message.

f.  The Debtor shall transfer fifty percent (50%) of his DryJect 401(k) retirement account to Mary via Qualified Domestic Relation Order ("QDRO"). The QDRO shall be completed by KLM Attorneys LLC and the Debtor and Mary shall equally divide the cost of the QDRO.

3.    <u>Retention of Rights and Relief From the Automatic Stay</u>.  Except as set forth above, the Parties retain all of their rights and remedies and preserve all defenses and this Court's August 3, 2022 Order granting the Motion for Relief remains in full force and effect and the Parties may freely exercise their rights and remedies in the Divorce Action but consistent with the terms of this Stipulated Order.

4.    <u>Amendment of Plan</u>.  On or within ten (10) days of the entry of this Stipulated Order on the Docket, the Debtor shall amend Plan such that the terms of the amended Plan are strictly consistent with the terms set forth herein.

5.      <u>Non-Assignment of Claims</u>.  The Parties hereto each represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or cause of action relating to any matter covered herein.

6.      <u>Binding Nature of Stipulated Order</u>.  This Stipulated Order and the Order Granting Relief shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

7.      <u>Severability</u>.  The Parties agree the covenants and provisions contained in this Stipulated Order are separate, severable and independent of each other, as each term and condition is based on viable and independent consideration and is of great importance to the Parties. Therefore, should any court of competent jurisdiction declare any covenant or provision of Stipulated Order invalid or unenforceable for any reason, the remaining covenants and other terms and conditions of this Stipulated Order shall continue in full force and effect.

8.      <u>No Reliance</u>.  Each of the Parties hereto represents, warrants and agrees that in executing and entering in to this Stipulated Order, such Party: (i) has been represented by legal counsel, has reviewed this Stipulated Order with such counsel, and fully understands the binding legal effect of this Stipulated Order; and (ii) is not relying and has not relied upon any representation, promise or statement made by anyone which is not specifically recited, contained or embodied in this Stipulated Order.

9.      <u>Authorization</u>.  The Parties hereto represent and warrant that each of them is authorized and of full capacity to make, execute and deliver this Stipulated Order without approval of any other person or entity.  Each person signing this Stipulated Order on behalf of a Party acknowledges, warrants and represents that (i) this Stipulated Order is legal, valid and binding and

4879-9343-7251 v2

enforceable in accordance with its terms against such Party hereto; (ii) each such Party or person has all requisite legal, partnership, corporate or other applicable authority to execute and deliver this Stipulated Order and any other documents or agreements required hereunder, and each of them has all requisite legal, partnership, corporate or other applicable authority to act on behalf of the Party for which each is signing and to bind such Party to the terms and conditions of this Stipulated Order,; (iii) each such Party or person has obtained any approvals or consents and taken any partnership, corporate or other applicable actions that are necessary for the authorization, execution, delivery and performance of this Stipulated Order, other than as specified herein; and (iv) this Stipulated Order and the consideration contemplated herein does not violate any other contractual obligations of the Parties to any third party.  Notwithstanding any other provision of this Stipulated Order, the representations and warranties set forth in this paragraph shall survive the consummation of this Stipulated Order.

10.    Joint Negotiation.  Each of the Parties acknowledge (i) that they have each fully participated in the negotiation of this Stipulated Order, and no provision of this Stipulated Order shall be construed against or interpreted to the disadvantage of any hereto or thereto by any court or other governmental or judicial authority by reason of such having or being deemed to have structured, dictated or drafted such provision; (ii) that they at all times have had access to an attorney in the negotiation of the terms of and in the preparation and execution of this Stipulated Order, and they have had the opportunity to review, analyze, and discuss with their counsel this Stipulated Order, and the underlying factual matters relevant to this Stipulated Order for a sufficient period of time prior to the execution and delivery hereof and thereof; (iii) that all of the terms of this Stipulated Order were negotiated at arm's length; (iv) that this Stipulated Order was

8

prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by either of the Parties upon the other; and (v) that the execution and delivery of this Stipulated Order is a free and voluntary act of each of the Parties, that the persons executing this Stipulated Order are authorized to do so by the Parties.

11.    Integration and Modification.  This Stipulated Order constitutes and is intended to constitute the entire agreement of the Parties concerning the Motion to Dismiss, the Confirmation Objection and the Motion in Limine which are the subject matter hereof.  No covenants, agreements, representations or warranties of any kind whatsoever have been made by any Party hereto, except as specifically set forth herein.  All prior discussions and negotiations with respect to the releases which are the subject matter hereof are superseded by this Stipulated Order.  No subsequent alteration, amendment, change, modification or addition to this Stipulated Order shall be binding unless reduced to writing, signed by the Parties hereto and entered as an Order of the Bankruptcy Court.

12.    Choice of Law.  The Parties agree that this Stipulated Order shall be governed by the laws of the Commonwealth of Pennsylvania and applicable provisions of Title 11 of the United States Code.  Any dispute arising over the meaning, application or interpretation of this Stipulated Order may be submitted by a Party to the Bankruptcy Court.

13.    No Admission.  Except as specifically set forth herein, this Stipulated Order is not intended to be and shall not be deemed, construed or treated in any respect as an admission of liability or wrongdoing by any person or entity for any purpose.

14.    Construction.  The terms and provisions of this Stipulated Order shall be construed in accordance with their plain meaning, without regard for any canons or principles of construction

4879-9343-7251 v2

requiring interpretation against the Party responsible for the preparation of same, or for any other inconsistent or contradictory canons or principles of construction.

15.    Counterparts; Telecopy Signatures.  This Stipulated Order may be executed in one or more counterparts, each of which shall be deemed an original for all purposes, and all of which taken together shall constitute one and the same instrument.  The delivery of a telecopy, PDF or facsimile signature by any Party hereto shall have same legally binding effect as the delivery of an original signature.

16.    Headings.  The headings set forth in this Stipulated Order are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof.

17.    Further Assurances.  From and after the execution hereof, each Party agrees to cooperate with one another in carrying out the terms of this Stipulated Order including but not limited to the execution, with acknowledgement or affidavit if required, of any and all documents that may be reasonably necessary or expedient to effectuate this Agreement and to achieve its purposes.

[SIGNATURES AND SO ORDERED LINE CONTAINED ON NEXT PAGE]

4879-9343-7251 v2

MARY MAJERNIK

By: _Mary E Majernik_
Mary Majernik, Individually

Dated: 12/22/22

JANET SWAYNE

By: _Janet M Swayne_
Janet Swayne, Individually

Dated: 12/22/22

THOMAS SWAYNE

By: _Thomas P Swayne_
Thomas Swayne, Individually

Dated: 12/22/22
No Objection - Without Prejudice to Any
Trustee  Rights or Remedies
/s/ LeeAne O. Huggins

MATTHEW JOHN MAJERNIK

By: _Matthew Majernik_
Matthew John Majernik, Individually

Dated: 12-21-2022

AND NOW, this _____ day of _____, 2022, this Stipulated Order is hereby

approved and entered as an Order by the Bankruptcy Court.

_____
The Honorable Magdeline D. Coleman
Chief United States Bankruptcy Judge

11

4879-9343-7251 v2